This is a suit by a Medicare provider under the Social Security Act, 42 U.S.C. § 1395 and ff. It seeks reimburse *844 ment for interest costs denied it by the Secretary of Health, Education, and Welfare, and his agents, under circumstances to be stated. Defendant moves to dismiss. - We conclude that Congress has not consented to the litigation of this claim in this court, and, therefore, we lack jurisdiction. The motion must be sustained.
The facts in brief are that in 1973 plaintiff, then a Medicare provider, began constructing an addition to its Hospital, financed the cost with a long-term mortgage, and paid interest approximately $166,000 and $336,000, respectively in calendar 1973 and 1974. The dispute relates to reimbursements claimed for portions of this, $60,179 and $134,694 for the two years, respectively. Though the petition does not expressly so state, we gather plaintiffs fiscal year was the calendar year. Plaintiff failed to make timely claims for such reimbursements because of a cost manual defendant published which erroneously, as plaintiff says, required that such interest charges be capitalized. On March 11, 1976, plaintiff submitted a request to the fiscal intermediary, Blue Cross of Northern California (BCNC) to reopen the 1973 and 1974 cost reports, for allowance of the disputed amounts as additional reimbursement for the costs of caring for Medicare patients in those years. BCNC refused. Plaintiff, on February 22, 1977, requested the Provider Reimbursement Review Board (PRRB) to consider the matter. This body is established by Pub. L. No. 92-603, adopted October 30, 1972, 42 U.S.C. § 1395oo, to review final decisions of fiscal intermediaries. It refused to hear this case on the ground of lack of jurisdiction, citing 20 C.F.R. § 405.1841(a). The BCNC had notified the plaintiff of "Program Reimbursement” for the involved years on January 31 and December 23, 1975, respectively, and plaintiff had not filed its appeal in writing with the board within 180 days thereafter. The board also took the view that discretion to reopen after lapse of 180 days rested solely with the tribunal that had rendered the decision to be reopened, here the BCNC, citing 20 C.F.R. § 405.1885(c).
Plaintiff thereupon sued in the U.S. District Court, eliciting the decision reported as John Muir Memorial Hospital, Inc. v. Califano, 457 F. Supp. 848 (N.D. Cal. 1978). Judge Renfrew’s opinion is careful and scholarly. The gist *845 of it is that the Congress virtually had prohibited judicial review of provider claims in the District Courts, relaxing the bar, as to fiscal periods ending on and after June 30, 1973, 42 U.S.C. § 1395oo(f) only if the provider had timely exhausted its administrative remedies through the fiscal intermediary and by timely appeal to the PRRB, and that requesting the fiscal intermediary to reconsider after the 180 days had run did not start a new period within which exhaustion would be timely. The court also deemed that plaintiff had no claim outside the ambit of § 1395oo(f) by its analysis of recent Supreme Court pronouncements, Califano v. Sanders, 430 U.S. 99 (1977) and Weinberger v. Salfi, 422 U.S. 749 (1975). By Sanders, an appeal to discretion to reopen is deemed not to permit bypassing of narrowly circumscribed administrative remedies as prerequisites for getting into court. A court’s horror of leaving a party without a tribunal to enforce a constitutional claim is not a factor when the claim could have been asserted by following an available specified route to secure review.
This decision no doubt would be res judicata or collateral estoppel here, except that it speaks constantly in terms of jurisdiction. However elaborate the fact finding and legal reasoning of a court may be, it is difficult to use them as res judicata or collateral estoppel if the end result of all the cerebration is that the court lacks jurisdiction. However, the decision deals not only with the identical claims at issue here, but with the same contentions, to a large extent, and it must be and is highly persuasive. Plaintiff apparently did not appeal it, but instead sued here, only three months after its filing date.
Plaintiff must necessarily be, and is, invoking some law here that is unavailable in the District Court. In Whitecliff, Inc. v. United States, 210 Ct. Cl. 53, 536 F. 2d 347 (1976), cert. denied, 430 U.S. 969 (1977), we did indeed find in the Tucker Act, 28 U.S.C. § 1491, a consent to suit as to fiscal years before June 30, 1973, by a health care provider, not available or assumed arguendo not to be, in a District Court. We were careful to say, however, that the consent was not applicable to years on and after June 30, 1973, because Congress had resolved the problem as to them, except as to claims under $10,000, not here involved. Note 8, 210 Ct. Cl. at 58, 536 F. 2d at 351. The consent to be sued *846 is strictly construed. United States v. Testan, 424 U.S. 392 (1976). A statute consenting to suit in another tribunal is readily to be interpreted as withdrawing consent to suit in the Court of Claims. E.g., Matson Navigation Co. v. United States, 284 U.S. 352 (1932) (Suits in Admiralty Act construed to withdraw previous consent to admiralty suits against the United States in the Court of Claims, if they were founded on contracts.) The doctrine of strict construction overrides the doctrine that repeals by implication are not favored. See also on a closely related problem, Brown v. GSA, 425 U.S. 820 (1976). Where Congress wishes to preserve jurisdiction in the Court of Claims when later consenting to suits elsewhere, it is careful to say that Court of Claims jurisdiction survives, as in 28 U.S.C. § 1346(a) (tax refund claims). Under these canons, nobody seriously contends that 42 U.S.C. § 1395oo(f) does not in general cancel whatever consent was previously given to suits by providers here, except claims under $10,000 and claims as to fiscal years ended before June 30, 1973. To suppose that, in addition, consent survives as to any year where the provider has failed to exhaust its administrative remedy, as § 1395oo(f) requires, is to do violence to the whole doctrine of strict construction of the consent to be sued. Plaintiff makes the weak argument that the discretionary authority to reconsider is the administrative remedy, but this we reject under the persuasive authority of John Muir Memorial Hospital, Inc. v. Califano, supra. A party who lets time expire and only invokes a discretionary authority to reconsider does not satisfy the involved exhaustion doctrine. Califano v. Sanders, supra.
Plaintiff asks for oral argument. We do not think the jurisdictional question is close or requires discussion. Accordingly, on the petition and motion and the briefs, but without oral argument, the court decides it has no jurisdiction and the petition is dismissed.