INTERNATIONAL PHILANTHROPIC HOSPITAL FOUNDATION d/b/a Granada Hills Community Hospital, a California nonprofit Corporation

v.

The UNITED STATES.

No. 233–79C.

United States Court of Claims.

April 30, 1980.

Robert A. Klein, Los Angeles, Cal., attorney of record, for plaintiff; Gary S. Mobley and Weissburg & Aronson, Inc., Los Angeles, Cal., of counsel.

Frank M. Rapoport, Washington, D. C., with whom was Asst. Atty. Gen. Alice Daniel, Washington, D. C., for defendant.

Before NICHOLS, KASHIWA and SMITH, Judges.

## ON DEFENDANT'S MOTION TO DISMISS

SMITH, Judge:

This case has come before us on defendant's motion to dismiss. It is contended by the Government that plaintiff's claim is barred by the doctrine of res judicata. After careful consideration of all submissions, but without oral argument, we deny defendant's motion to dismiss.

Plaintiff, the International Philanthropic Hospital Foundation, doing business as Granada Hills Community Hospital, is a California nonprofit corporation authorized to provide hospital services under part A of the Medicare Act. On July 1, 1966, plaintiff entered into agreement with the Secretary of the Department of Health, Education, and Welfare (HEW) to provide such services. Pursuant to 42 U.S.C. § 1395h, Blue Cross of Southern California was designated as a fiscal intermediary to act on behalf of the Secretary of HEW in the administration and auditing of cost reports submitted by providers under this particular Medicare program. Under this program, plaintiff was entitled to the "reasonable costs" of providing such services for the Government. Plaintiff was, upon review by HEW, denied as a "reasonable cost" the interest that plaintiff expended in order to acquire the hospital facility used by plaintiff to provide the Medicare services. After seeking redress for these deficiencies through all available administrative channels, plaintiff filed a complaint in the United States District Court for the Central District of California to recover the disallowed amounts.

Upon reviewing defendant's motion, filed on April 6, 1977, to dismiss the California district court action, plaintiff's former counsel concluded that the district court had no jurisdiction over Medicare reimbursement claims for cost reporting periods ending on or before June 30, 1973. Concluding that there was no subject matter jurisdiction in any federal court, previous counsel prepared a stipulation and order for the dismissal "with prejudice" of his client's action. This document was executed by the parties, and approved without opinion by order of the district court dated May 26, 1977.

On or about July 17, 1978, plaintiff engaged its present attorney. By motion filed with the same United States district court on December 13, 1978, plaintiff petitioned to have the earlier dismissal set aside, or at least have the words "with prejudice" removed from the district court's order. The motion by plaintiff to set aside judgment was denied. Plaintiff did not appeal this decision to the United States Court of Appeals for the Ninth Circuit. On May 25, 1979, plaintiff filed the present action in this court.

It is argued by defendant that plaintiff may not collaterally attack an unappealed judgment of the district court. Further, defendant argues, a "dismissal with prejudice" is, for all intents and purposes, an adjudication of the claim, and thus a bar to any further litigation on the same complaint, by the doctrine of res judicata.[1]

As a general precept of law, a "dismissal with prejudice" normally bars further litigation by the same claimant for the same claim. This general rule, however, does not apply to the facts of this particular case. Defendant concedes that, in the cases cited by defendant, the courts of first resort involved in those cases possessed the inherent power to render a decision on the merits of the claims before them. The parties do not dispute that the district court in the instant case lacked subject matter jurisdiction over plaintiff's

---

1. *Lawlor v. National Screen Serv. Corp.*, 349 U.S. 322, 327, 75 S.Ct. 865, 868, 99 L.Ed. 1122 (1955); *Routed Thru-Pac, Inc. v. United States,* 185 Ct.Cl. 428, 401 F.2d 789 (1968); *Lawrence v. Fuld*, 32 F.R.D. 329 (D.Md.1963).

claim. The Government itself recognizes that the issue presented to this court is whether a "dismissal with prejudice," by a court lacking subject matter jurisdiction over plaintiff's claim, will be recognized by this court as a bar to further litigation. In the circumstances now presented, we are not disposed to give this dismissal order res judicata effect.

Normally, a dismissal with prejudice is an adjudication on the merits.[2] As such it is entitled to finality so as to further the underlying policy of res judicata, namely, the refusal of the law to tolerate needless litigation.[3] A dismissal with prejudice thus is not only a bar to those issues adjudicated, but also to those issues that should have been litigated.[4] It is therefore urged by the Government that the district court's decision be binding on this court, even if the decision is ultimately adjudged "void."

The authorities cited by defendant are not apropos to the particular circumstances of this case. In determining whether res judicata effect should be given to the district court dismissal order, it is critical to consider whether, if the action had not been dismissed, the court which dismissed the case could have proceeded to a decision on the merits. In discussing the validity of void judgments, Professor Dobbs distinguishes between "bootstrap jurisdiction," i. e., power to decide jurisdiction vel non, which is implicit in the grant of subject matter jurisdiction, from "incidental," "ancillary," or "pendent" jurisdiction, which a court may feel is implicitly included in the grant of subject matter jurisdiction as a necessary adjunct for dealing fully and completely with such subject matter. As stated by Professor Dobbs:[5]

> * * * If incidental jurisdiction exists, even a timely and direct attack upon the court's power should fail. In the bootstrap situation, however, the implied jurisdiction is much more limited. The jurisdictional instrument impliedly grants to the court only the power to decide jurisdiction, not the power to decide the merits. * * *

This latter situation is involved here. The district court had jurisdiction to see if it had jurisdiction.[6] It is conceded by the defendant that no subject matter jurisdiction existed in this case.

Defendant's authorities are, therefore, inapposite to the situation now presented for this court's consideration.[7] In all the authorities cited by defendant, the res judicata precedents offered up to this court deal with two factual situations. The first type of situation supposes that a court decision has been reached in a particular case, but that decision was adjudged by a court that had no subject matter jurisdiction over the claim. These "void" decisions were later challenged when attempts were made to enforce them. The question presented was whether res judicata effect should be given to decisions that are "void." The second type of factual setting involved in defendant's authorities deals with analogous situations. In this second group, for instance, a federal court had used its bootstrap jurisdiction to determine that the federal courts had exclusive jurisdiction of the claim. After adjudication, it was determined that the federal courts may not have had exclusive jurisdiction. It was determined that the

2. Maib v. Maryland Cas. Co., 17 Wash.2d 47, 135 P.2d 71, 74 (1943).

3. Angel v. Bullington, 330 U.S. 183, 192–93, 67 S.Ct. 657, 662–63, 91 L.Ed. 832 (1947).

4. Grubb v. Public Utils. Comm'n of Ohio, 281 U.S. 470, 479, 50 S.Ct. 374, 378, 74 L.Ed. 972 (1930); Bank of America v. Jorjorian, 303 Ill. App. 184, 185, 24 N.E.2d 896, 897 (1940).

5. Dobbs, The Validity of Void Judgments: The Bootstrap Principle (Pt. 1), 53 Va.L.Rev. 1003, 1012 (1967).

6. United States v. United Mine Workers, 330 U.S. 258, 67 S.Ct. 677, 91 L.Ed. 884 (1947).

7. Defendant's authorities include: Kalb v. Feuerstein, 308 U.S. 433, 438, 60 S.Ct. 343, 345, 84 L.Ed. 370 (1940); Stoll v. Gottlieb, 305 U.S. 165, 170, 59 S.Ct. 134, 136, 83 L.Ed. 104 (1938); American Sur. Co. v. Baldwin, 287 U.S. 156, 166–67, 53 S.Ct. 98, 101–02, 77 L.Ed. 231 (1932); Baldwin v. Iowa State Traveling Men's Ass'n, 283 U.S. 522, 51 S.Ct. 517, 75 L.Ed. 1244 (1931); United States v. Parker, 120 U.S. 89, 95, 7 S.Ct. 454, 458, 30 L.Ed. 601 (1887).

close proximity of the subsequent state action to the periphery of the exclusive jurisdiction of the federal courts made the subsequent state suit inappropriate. Res judicata effect was given to the federal court determinations in the previous litigation regardless of whether the decision was defective. It was determined that the claims between the parties had been *fully litigated.*

Therefore the authorities cited by defendant deal with controversies that have been adjudged by a court on the merits of each claim, yet there had been a defect in the court's jurisdiction, in some respect, that subsequently was collaterally attacked. It is true, as defendant alleges, that the Supreme Court has diluted the "voidness doctrine" to give effect to these judgments. This fact is evident from defendant's authorities. However, the *reason* for the "void" decisions being given res judicata effect by the Supreme Court is all important. In every case, it was noted that each litigant had had his day in court and each had had his claim adjudged on the merits. Res judicata effect was given to these decisions on this basis.

Defendant argues that the present case too should be given res judicata effect, since the dismissal of plaintiff's claim in the district court was "with prejudice," which indicates an adjudication on the merits. We are unable to overlook the fact that what may be indicated is not what actually happened. All the parties recognize that there was no subject matter jurisdiction in this instance. Therefore what plaintiff seeks to attack is not even a "void" decision. Plaintiff has never had its day in court, nor has its claim been heard on the merits. As a result, the "voidness doctrine," urged by defendant, has no application. As this court stated in *John Muir Memorial Hospital, Inc.:* [8]

* * * However elaborate the fact finding and legal reasoning of a court may be, it is difficult to use them as res judicata or collateral estoppel if the end

result of all the cerebration is that the court lacks jurisdiction. * * *

The question then becomes—What effect do the words "with prejudice" have on the district court dismissal? As stated in *Goddard*: [9]

* * * But it is the nature of the action and the character of the judgment that determines whether it is res judicata. The intention of the court to make a determination on the merits may be important, but if the judgment is clearly not on the merits, the court's intention to make it a bar is immaterial. The words "with prejudice" add nothing to the effect of the judgment in such a case, no matter what light they throw on the intention of the court.

This is the case presented to us. Viewed together with defendant's motion in the district court to dismiss the action, plaintiff's previous attorney's stipulation of dismissal appears at worst to have been an effort to effect for the benefit of all concerned a speedy termination of an action that could not have been litigated in that court. Plaintiff's addition to the stipulation of language not included in defendant's motion is perhaps overgenerous, but no more determinative of the issue here than plaintiff's complaint that defendant did not apprise plaintiff or the district court of the possibility of access to the Court of Claims. Under this set of facts, whether or not plaintiff appealed the "determination" of the district court or is said to be attempting to attack collaterally its decision, is immaterial since the district court had no subject matter jurisdiction over plaintiff's claim and never adjudged the claim on the merits.

Even if we speculate that the district court may have been exercising its discretion, provided by 28 U.S.C. § 1406(c), not to transfer the case to this court, it is our opinion that the effect of the words "with prejudice" in the district court's order as issued merely precludes the parties from bringing again to that court a claim over which it has no jurisdiction.

8. *John Muir Memorial Hosp., Inc. v. United States*, Ct.Cl. No. 555–78 (order, Aug. 17, 1979).

9. *Goddard v. Security Title Ins. & Guarantee Co.*, 14 Cal.2d 47, 92 P.2d 804, 808 (1939).

Upon consideration of the parties' submissions and other papers, but without oral argument, we deny defendant's motion to dismiss, and the case is remanded to the trial division for further proceedings. Our ruling makes moot plaintiff's request for oral argument.