Debra MANOOKIAN,
Plaintiff-Appellant,

v.

A.H. ROBINS COMPANY, INC.,
Defendant-Appellee.

No. 84–4274.

United States Court of Appeals,
Fifth Circuit.

March 8, 1985.

James W. Nobles, Jr., Jackson, Miss., for plaintiff-appellant.

Shell, Buford, Bufkin, Callicutt & Perry, Cary E. Bufkin, D. Collier Graham, Jr., Jackson, Miss., for defendant-appellee.

Before CLARK, Chief Judge, GOLDBERG, and RUBIN, Circuit Judges.

PER CURIAM:

This case confronts us with the question of whether a nonresident plaintiff asserting a cause of action based on a tort which wholly occurred outside of the State of Mississippi can rely on Miss.Code Ann. § 79–1–27 (1972) to secure jurisdiction over a foreign corporation which does business in Mississippi, but is exempt from the qualification requirements. There is no clear state precedent on which we can rely to decide this issue.

Although the Mississippi Supreme Court did take jurisdiction in a case which appears to have analogous facts and cited § 79–1–27 as its jurisdictional basis in *Vicksburg, Shreveport, and Pacific Railroad Co. v. Forcheimer*, 113 Miss. 531, 74 So. 418 (1917), the Court never squarely addressed the reach of the statute. The only issue directly before the Court in *Vicksburg* was whether the exercise of such jurisdiction would violate due process. Recently, in *Arrow Food Distributors v. Love*, 361 So.2d 324, 327 (Miss.1978), the Court instructed us that § 79–1–27 must be harmonized with Miss.Code Ann. § 13–3–57, the state's long arm statute. We are unsure if by this statement the Mississippi Court intended to limit the availability of § 79–1–27 to residents as has been done with the long arm statute. We do not consider the alternative holding in *Smith v. De Walt Products Corp.*, 743 F.2d 277, 281 (5th Cir.1984) to be controlling as to this issue.

Because this case presents an important question of Mississippi jurisprudence which appears unsettled under the laws of that State, it is appropriate for certification under Mississippi Supreme Court Rule 46.

In accordance with our usual practice, we direct the parties to submit a joint statement of facts and stipulated questions to be certified to the Supreme Court of Mississippi. This is to be done promptly and the clerk of this court is directed to set an

appropriate schedule and notify counsel. Upon receipt of the parties' response, we will transmit to the Supreme Court of Mississippi the formal certificate together with the record in this case and all briefs, including any memoranda or briefs that might be filed in conjunction with the joint factual statement and stipulated questions.

We will not enter a final judgment in this case until we receive the decision of that court.

CERTIFIED.