Steven E. Lee and his wife Anna T. Lee have appealed from a summary judgment of the Washington County circuit court dismissing their complaint against the defendant Swain Building Materials Company of New Orleans, Inc., a corporation organized under the laws of Mississippi, but with principal place of business in Slidell, Louisiana. The defendant moved for a summary judgment on the grounds that the action was barred by the Louisiana one-year prescriptive statute, and that a dismissal with prejudice of the same cause of action by a Louisiana state court of record deprived the Mississippi circuit court of jurisdiction.
We find the Mississippi statute of limitations applies to this case, and the dismissal of the plaintiffs' action in Louisiana was not a decision on the merits requiring that a court of this state give it full faith and credit.
We accordingly reverse and remand to the circuit court for trial on the merits.
 FACTS
Steven E. Lee and Anna T. Lee were residents of St. Bernard Parish in Louisiana. On September 21, 1984, Mrs. Lee was driving, and she and her husband were riding in a Chevrolet pickup in St. Tammany Parish. They were involved in a motor vehicle accident with Robert M. Dilley, who was driving a Chevrolet automobile and at the time an employee of Swain Building Materials Company of New Orleans, Inc. (Swain).
On September 20, 1985, the two filed a "Petition for Damages" against Swain and its insurer Indiana Lumberman's Mutual Insurance Company in the civil district court of Orleans Parish for personal injuries allegedly sustained by them both in the accident. Service of process was had on each defendant on October 8, 1985.
Thereafter, the defendants filed with the court a "Declinatory Exception of Improper Venue and Peremptory Exceptions of Prescription." This pleading alleged Swain to be a foreign corporation incorporated under the laws of Mississippi, and its principal place of business to be Slidell, St. Tammany Parish. Further, that under Articles 42(4) and 42(7) of the Louisiana Code of Civil Procedure the venue for Swain would be St. Tammany Parish, where its principal place of business was located, and venue as to the insurance company would be the place of the accident, again St. Tammany Parish, that no Code provisions authorized venue in Orleans Parish, and therefore, because of improper venue, the mere filing of suit did not interrupt the Louisiana period of prescription, Louisiana Civil Code, Art. 3462. And further, since process was not had within one year of the accident, the cause was barred by the Louisiana one-year statute of limitation.
On May 12, 1986, the court entered the following judgment:
 JUDGMENT
 This matter came for hearing on a Declinatory Exception of Improper Venue and a Peremptory Exception of Prescription on April 11, 1986.
 APPEARANCES: CHARLES M. STEVENSON, Attorney for plaintiffs.
 WALTER C. THOMPSON, JR., Attorney for defendants.
 After hearing the pleadings, evidence and arguments of counsel,
 IT IS ORDERED, ADJUDGED AND DECREED that the Declinatory Exception of Improper Venue is hereby SUSTAINED.
 IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Peremptory Exception of Prescription is hereby SUSTAINED.
 JUDGMENT READ, RENDERED AND SIGNED in New Orleans, Louisiana this 12th day of May, 1986. *Page 190 
On June 5, 1986, the court entered the following Judgment of Dismissal:
 JUDGMENT OF DISMISSAL
 This matter came on for hearing on a declinatory exception of improper venue and a peremptory exception of prescription on April 11, 1986.
 After hearing the pleadings, evidence, and arguments of counsel, the Court, by Judgment dated May 12, 1986, sustained defendants' exceptions of improper venue and prescription; and accordingly,
 IT IS ORDERED, ADJUDGED, AND DECREED that plaintiffs' claims and demands herein, and this action, be and the same are hereby DISMISSED, with prejudice, at plaintiffs' costs.
 JUDGMENT READ, RENDERED, AND SIGNED in New Orleans, Louisiana, this 5th day of June, 1986.
On the same day the Louisiana state court entered the judgment of dismissal, the Lees filed a complaint against Swain in the circuit court of Washington County, in this State.
The above facts being developed by discovery, Swain moved for summary judgment on the ground the action in this State was barred under the Louisiana prescription statute, and the court lacked jurisdiction of the parties and the subject matter of the suit.
On August 22, 1986, the circuit court rendered summary judgment dismissing the action with prejudice.
The Lees have appealed.
 LAW
The first question, aside from the Louisiana judgment of dismissal, is whether the Louisiana or Mississippi statute of limitations is applicable in this case. Our Mississippi statute applies. See: Miss. Code Ann § 15-1-49 (1972); Shewbrooks v.A.C. and S. Inc., 529 So.2d 557 (Miss. 1988); Guthrie v. TheMerchants National Bank, 254 Miss. 532, 543, 180 So.2d 309
(1965); Hamilton v. Cooper, 2 Miss. (Walker) 542 (1832).
The second question is whether the Louisiana judgment dismissing the case is entitled to full faith and credit in this State. We are bound by the full faith and credit clause of the United States Constitution, art. IV, § 1, to accord full faith and credit to the judicial proceedings of courts of record of every other state. See: Johnson v. Muelberger, 340 U.S. 581, 71 S.Ct. 474, 95 L.Ed. 552 (1951); Kenney v. Supreme Lodge,252 U.S. 411, 40 S.Ct. 371, 64 L.Ed. 383 (1920); Reeves Royalty v.ANB Pump Truck Service, 513 So.2d 595, 598 (Miss. 1987).
A condition precedent for application of the full faith and credit clause is that the judgment in the sister state has addressed the merits of the case. If the case in the foreign court is not decided on its merits, while suit might be barred from any other court in the state where the judgment was rendered, it is not res judicata in another state, and not entitled to full faith and credit. The Bank of the United Statesv. Donnally, 8 Pet. 361, 370, 8 L.Ed. 974, 977 (1834); WesternCoal Mining Co. v. Jones, 27 Cal.2d 819, 167 P.2d 719, 724 (1946); 50 C.J.S. Judgments, § 889(4).
Mississippi Rule of Civil Procedure 41(b), cited by the appellee, states that dismissals for expiration of a statute of limitations operate as adjudications upon the merits. Indeed, such a dismissal "operates as" an adjudication upon the merits as to refiling the same cause of action in other trial courts in the same state and the only recourse in that state is to appeal. Such a dismissal is not in fact an adjudication upon the merits. See:Titus v. Wells Fargo Bank Union Trust Co., 134 F.2d 223, 224 (5th Cir. 1943); Western Coal Mining Co., 167 P.2d at 724;Cummings v. Cowan, 390 F. Supp. 1251, 1255 (N.D.Miss. 1975); 1BMoore's Federal Practice, ¶ 0.409[6] (2nd ed. 1984). And, though it operates the same as an adjudication upon the merits in other courts within the same state, it is not a judgment deserving full faith and credit from sister states.Cummings, 390 F. Supp. at 1255; Los Angeles Airways, Inc. v.Lummis, 603 S.W.2d 246 (Tex.Civ.App. 1980). Rule 41(b) describes *Page 191 
the effect of such a dismissal within the state where it was entered; Rule 41(b) does not entitle such a dismissal to full faith and credit in sister states.
Finally, does the fact that the Louisiana court dismissed the cause "with prejudice" import a decision on the merits? It does not, because the record clearly shows the Louisiana court's dismissal was not based on the merits of the case. The mere fact the judgment recited "with prejudice" does not control. See:International Philanthropic Hospital Found v. United States,621 F.2d 402, 405 223 Ct.Cl. 587 (1980); Goddard v. Security TitleIns. Guaranty Co., 14 Cal.2d 47, 92 P.2d 804, 808 (1939). Cf.Stokke v. Southern Pacific Co., 169 F.2d 42 (10th Cir. 1948).
We accordingly reverse and remand for trial on the merits.
REVERSED AND REMANDED.
ROY NOBLE LEE, C.J., DAN M. LEE, P.J., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON, GRIFFIN and ZUCCARO, JJ., concur. *Page 537