556 So.2d 679 (1989)
Robert L. PATTON and Esther R. Patton and Joan M. Haines, for Herself, and as Administratrix of the Estate of Kenneth V. Haines
v.
MACK TRUCKS, INC.
No. 07-CA-58742.
Supreme Court of Mississippi.
December 13, 1989.
Rehearing Denied February 28, 1990.
Robert A. Pritchard, Henry P. Pate, III, Pascagoula, Ralph David Samuel, Samuel & Ballard, Philadelphia, Pa., for appellants.
William L. McDonough, Jr., Bryant Colingo Williams & Clark, Gulfport, for appellees.
Before DAN M. LEE, P.J., and ROBERTSON and PITTMAN, JJ.
ROBERTSON, Justice, for the Court:
This case presents the question whether a tort action brought by Pennsylvania plaintiffs against a Pennsylvania defendant arising out of a one vehicle accident on a Pennsylvania highway may be litigated in this state, notwithstanding that an action arising out of the same claim has been held by a Pennsylvania court barred by a Pennsylvania statute of limitations.
The Circuit Court dismissed the action as time barred. We reverse.
Mack Trucks, Inc. is a Pennsylvania corporation, having its principal place of business in Allentown, Pennsylvania. On May 26, 1977, Mack Trucks sold an over-the-road truck to Chemical Leaman Tank Lines, Inc. On May 17, 1981, two Chemical Leaman employees, Robert L. Patton and Kenneth V. Haines, were riding in the truck and were involved in a single vehicle accident on Highway I-80 approximately twelve miles west of Mercer Township in the state of Pennsylvania. As a result of the accident Haines was killed and Patton impaired permanently from a serious back injury. At the time of this accident Patton and Haines were residents of Pennsylvania.
On September 9, 1985, Plaintiffs Robert L. Patton and his wife, Esther R. Patton, and Joan M. Haines, individually and as administratrix of the Estate of Kenneth V. Haines, filed a complaint in the Court of *680 Common Pleas of Philadelphia, Pennsylvania, against Mack Trucks, Inc. asserting claims and demanding damages arising out of the March 1981 accident. On March 5, 1986, the Court of Common Pleas held the action barred by the statute of limitations, and finally dismissed the complaint on that ground. Plaintiffs appealed to the Superior Court of Pennsylvania which on December 30, 1986, affirmed.
On October 15, 1986, while their Pennsylvania action was pending on appeal, the Pattons and Haines, individually and as administratrix, filed their complaint in the Circuit Court of Jackson County naming Mack Trucks, Inc. as the defendant. The complaint charged the same facts and circumstances as were before the Pennsylvania court and alleged that Mack Trucks, because it had manufactured the truck, was liable for injuries arising from Patton's injuries and Haines' death. Plaintiffs' legal theory appears strict liability in tort. Mack Trucks answered the complaint and subsequently moved for summary judgment on the grounds that the claim was barred by the statute of limitations and res judicata. Following a hearing on Mack Trucks' motion on May 20, 1987, the Circuit Court granted the motion and dismissed the complaint. Plaintiffs appeal.
The question whether the Pennsylvania statute of limitations bars this action is controlled by our recent decisions in Shewbrooks v. A.C. & S., Inc., 529 So.2d 557 (Miss. 1988), and Williams v. Taylor Machinery, Inc., 529 So.2d 606 (Miss. 1988). Shewbrooks and Williams make clear that this action is subject only to this state's limitations statutes.[1] At the time strict liability tort actions were subject to a six-year limitations period. Miss. Code Ann. § 15-1-49 (1972)[2]see Ford Motor Company v. Broadway, 374 So.2d 207, 209 (Miss. 1979).
Mack Trucks argues nevertheless that the final judgment in Pennsylvania should be given res judicata effect here. Lee v. Swain Building Materials Co., 529 So.2d 188 (Miss. 1988) suggests the contrary. Because the dismissal in Pennsylvania was by reason of the statute of limitations and not an adjudication on the merits, the Pennsylvania final judgment has no claim preclusive effect in Mississippi.
The judgment of the Circuit Court is reversed and the case is remanded for further proceedings as though Mack Trucks' motion for summary judgment had been denied.
REVERSED AND REMANDED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and SULLIVAN and PITTMAN, JJ., concur.
DAN M. LEE, P.J., concurs in result only.
ANDERSON, J., dissents with separate written opinion, joined by BLASS, J.
BLASS, J., dissents with separate written opinion, joined by PRATHER, J.
ANDERSON, Justice, dissenting:
I respectfully dissent.
In Shewbrooks v. A.C. & S. Inc., 529 So.2d 557 at 574 (Miss. 1988), I said, "We have doomed Mississippi to become a dumping ground for the nation's homeless tort litigation." We are operating on the first landfill.
BLASS, J., joins this dissent.
BLASS, Justice, dissenting:
The first sentence of the majority opinion fairly poses the question. "This case presents the question whether a tort action brought by Pennsylvania plaintiffs against a Pennsylvania defendant arising out of a one-vehicle accident on a Pennsylvania highway may be litigated in this state, notwithstanding *681 that an action arising out of the same claim has been held by a Pennsylvania court barred by a Pennsylvania statute of limitations." The Mississippi trial court dismissed the action as time-barred, and the majority reverses and sends the case back for trial. I respectfully dissent.
The opinion is at variance with my conception of what the relationship should be between the separate states of this union. There is no Mississippi plaintiff here. There is no Mississippi defendant. There was no Mississippi accident. The public policy of Pennsylvania, as declared by its legislature, applicable to all of its citizens, has barred this action under the law of Pennsylvania. These parties elected to sue in the courts of Pennsylvania and have suffered judgment there based upon the law of that state as enacted by its legislature and followed by its courts. While under our decisions (Shewbrooks v. A.C. & S., Inc., 529 So.2d 557 (Miss. 1988) and Williams v. Taylor Machinery, Inc., 529 So.2d 606 (Miss. 1988)), we may allow these Pennsylvanians to litigate in our courts, we should choose not to do so. Laskosky v. Laskosky, 504 So.2d 726 (Miss. 1987); Brown v. Brown, 493 So.2d 961 (Miss. 1986); Cox v. Cox, 233 Miss. 747, 102 So.2d 799 (1958).
We have held that Section 1 of Article IV of the Constitution of the United States does not prohibit our entertaining actions here from other states which are time-barred under the law of those states, (Lee v. Swain Bldg. Materials Co., 529 So.2d 188 (Miss. 1988)) but, in my opinion, we ought to reconsider those opinions and hold that we will not entertain such actions where there is no substantial nexus between the State of Mississippi and the parties or interests that are present in the litigation.
Not all of our ancient constitutional federal concepts have been abandoned. The States still exist and there are limitations on their powers. See World-Wide Volkswagen Corporation, et al. v. Charles S. Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); Bearry, et al. v. Beach Aircraft, 818 F.2d 370 (5th Cir.1987); Talbot Tractor Company, Inc. v. Hinimoto Tractor Sales, et al. v. Kanematsu Gosho (U.S.A.), Inc., 703 F.2d 143 (5th Cir.1983).
While it is an argument of less dignity, it is nevertheless true that the State of Mississippi does not need to import Pennsylvania cases to add to the docket of a court which is two years behind on the matters already pending before it. No one can successfully dispute the fact that we do not need to import litigation in which we have no interest whatsoever, or rent our court system to shoppers from other jurisdictions. By a footnote, the majority opinion indicates a belief that a recent legislative enactment amending § 15-1-65, Miss. Code Ann. (Supp. 1989) has brought an end to this problem. I am not certain that such belief is fully justified, however, and I suspect that this court will spend many additional hours laboring with this question, hours which it badly needs to address Mississippi matters.
PRATHER, J., joins this opinion.
NOTES
[1] Miss. Laws ch. 311, § 4 (1989), now codified as Miss. Code Ann. § 15-1-65 (Supp. 1989) effectively ends this state's days as a home for unpled foreign torts. The new statute became effective July 1, 1989, and hence affords Mack Trucks no comfort.
[2] Miss. Laws ch. 311, § 3 (1989) shortens the statute to three years, effective July 1, 1989.