United States Court of Appeals,

Fifth Circuit.

No. 85–4002.

Walter HERRLEY and Judith Sund Herrley, Plaintiffs–Appellants,

v.

VOLKSWAGEN OF AMERICA, INC., and Volkswagenwerk, A.G., Defendants–Appellees.

April 6, 1992.

Appeal from the United States District Court for the Southern District of Mississippi.

Before JOLLY, JONES, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:

This case presents a question recurrent in the courts applying Mississippi law: Whether a non-resident plaintiff may use Mississippi's long-arm statute[1] and foreign corporations suit statute[2] to hale corporations, which are not registered but merely doing business in Mississippi, into its courts in an action otherwise unrelated to the state. In 1984 we answered that question "no" in *Smith v. DeWalt Products Corp.,* 743 F.2d 277, 279 (5th Cir.1984). Because there has been no intervening change in Mississippi law since *Smith* was decided, our answer in this case is controlled by *Smith.* Accordingly, we AFFIRM the judgment of the district court dismissing the case for lack of personal jurisdiction. 598 F.Supp. 690 (D.Miss.1984).

I

This case arises from a 1977 one-car accident in which the Herrleys' 1965 Volkswagen left the road and rolled over. The accident occurred in the state of Florida, and the Herrleys were Florida citizens at the time suit was commenced. In 1983, the Herrleys filed this product liability suit in the United States District Court for the Southern District of Mississippi against Volkswagen of America,

[1] Miss.Code Ann. § 13–3–57 (1972).

[2] Miss.Code Ann. § 79–1–27 (1972). We note that during the life of this appeal, § 79–1–27 was repealed. *See* Miss.Laws 1987, ch. 486, § 17.05, eff. Jan. 1, 1988.

Inc. and Volkswagenwerk, A.G. The Herrleys attempted to serve process on the defendants through the Mississippi Secretary of State pursuant to Mississippi's long-arm statute, Miss.Code Ann. § 13–3–57 (1972). Neither corporation is registered to do business in Mississippi, although both are licensed as automobile manufacturers or dealers under the Mississippi Motor Vehicle Commission Law.[3]

The defendants moved to dismiss for lack of personal jurisdiction and inadequate service of process under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(4). The district court held that Mississippi law did not provide for jurisdiction over non-resident defendants who are not registered to do business in the state, for a cause of action occurring outside of Mississippi and brought by non-resident plaintiffs. Therefore, the district court granted the motion and dismissed the case. The Herrleys filed a timely appeal.

On April 30, 1985, after the briefs in this case had been filed, this court certified questions central to this appeal to the Mississippi Supreme Court in *Manookian v. A.H. Robins Co., Inc.,* 755 F.2d 1125 (5th Cir.1985). This case has been held in abeyance since then, awaiting the Mississippi Supreme Court's answer to the certified question in *Manookian.* That question remained unanswered for six years, until the parties in *Manookian* reached a settlement in 1991. On July 10, 1991, *Manookian* was dismissed by this court at the request of the parties, and the certified question was withdrawn. The Herrleys' case has been revived following *Manookian*'s dismissal, and the parties have filed letter briefs.

II

The Mississippi long-arm statute, Miss.Code Ann. § 13–3–57 (1972) provides:

Any nonresident person, firm, general or limited partnership, or any foreign or other

---

[3]Miss.Code Ann. § 63–17–51 *et seq.* (1972 & Supp.1991).

corporation not qualified under the constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whol e or in part in this state against a resident *or nonresident* of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi. Such act or acts shall be deemed equivalent to the appointment by such nonresident of the Secretary of State of the State of Mississippi, ... upon whom all lawful process may be served.

The italicized language was added when the statute was amended by the Mississippi Legislature in 1980.

In *Smith v. DeWalt Products Corp.,* 743 F.2d 277 (5th Cir.1984), Smith, a Louisiana resident who was injured while using a power saw in Louisiana, filed suit in a Mississippi federal court against the manufacturer, DeWalt, a corporation domiciled in Pennsylvania, which was a division of Black & Decker (U.S.), Inc., a Maryland corporation. This court affirmed the district court's dismissal for lack of personal jurisdiction, holding that the "doing-business" provision of the Mississippi long-arm statute is not available to non-resident plaintiffs. We noted that our interpretation was supported by the 1980 amendment to the long-arm statute, which allowed a non-resident plaintiff to obtain service of process upon a non-resident defendant who had committed a tort in whole or in part in Mississippi against the non-resident plaintiff, but did not similarly amend the "doing-business" prong of the statute. We stated:

> Given the long-standing judicial construction of the long-arm statute to preclude its use by non-resident plaintiffs, the legislature's decision not to amend the "doing-business" provision of the statute at the same time it specifically extended the "tort" provision to non-resident plaintiffs indicates a legislative intent that the "doing-business" provision is not available to non-resident plaintiffs.

743 F.2d at 279.

Although several cases before the Mississippi Supreme Court in the last six years have allowed nonresident plaintiffs greater access to Mississippi courts, we do not consider those cases to have cast any serious doubt upon the correctness of our interpretation of the Mississippi long-arm statute in *Smith.* For example, in *Shewbrooks v. A.C. & S., Inc.,* 529 So.2d 557 (Miss.1988), the

Mississippi Supreme Court held that the Mississippi court had personal jurisdiction over a suit by nonresident plaintiffs against eighteen foreign corporations for claims that arose outside Mississippi. However, *Shewbrooks* did not discuss Mississippi's long-arm statute, and noted that none of the defendants had raised a serious issue as to whether the court had personal jurisdiction. 529 So.2d at 559. In *Cycles, Ltd. v. W.J. Digby, Inc.,* 889 F.2d 612, 616–17 (5th Cir.1989), we held that *Shewbrooks* neither construed nor expanded the reach of the Mississippi long-arm statute. *See also Mills v. Dieco, Inc.,* 722 F.Supp. 296, 298 (N.D.Miss.1989) (holding that *Shewbrooks* did not affect the interpretation of Mississippi's long-arm statute).

*Read v. Sonat Offshore Drilling, Inc.,* 515 So.2d 1229 (Miss.1987) and *Williams v. Taylor Machinery, Inc.,* 529 So.2d 606 (Miss.1988), which were cited by the Herrleys in their letter brief, are not relevant to the issue before us, because both involve defendants who were qualified to do business in Mississippi and had resident agents for service of process in Mississippi. *Read,* 515 So.2d at 1229; *Williams,* 529 So.2d at 608, 609. Moreover, the plaintiff in *Read* was a Mississippi resident, and the court pointed out that the case did not involve the long-arm statute. 515 So.2d at 1231. In *Read,* the Court noted that under former § 79–1–27, Mississippi courts could obtain personal jurisdiction over a foreign corporation not qualified to do business in Mississippi, but found doing business in the state, "simply by serving process upon any agent of the corporation in the State of Mississippi." Because Volkswagen was not served with process in Mississippi, *Read* disposes of the Herrleys' argument that § 79–1–27 confers jurisdiction over Volkswagen. In *Patton v. Mack Trucks Inc.,* 556 So.2d 679 (Miss.1989), also cited by the Herrleys, the Mississippi Supreme Court held that Mississippi's statute of limitations governed an action arising in Pennsylvania and brought in Mississippi by Pennsylvania residents against a corporation doing business in Mississippi. *Patton* did not address any issue regarding whether there was personal jurisdiction over Mack Trucks.

Our review of Mississippi Supreme Court decisions since *Smith* reveals nothing that calls into question the correctness of our holding in *Smith.* We do not believe that a decision in this case should

be further delayed pending certification of the question to the Mississippi Supreme Court, especially in view of its six-year silence in *Manookian*. The judgment of the district court is, therefore,

AFFIRMED.