**Donnie WRIGHT, Individually and as Administrator of the Estate of Florence Wright, Plaintiff,**

v.

**Dean E. KELLEY and Haskins Trucking, Inc., Defendants.**

**No. GC91–167–S–D.**

United States District Court, N.D. Mississippi, Greenville Division.

Dec. 2, 1992.

Thomas M. Murphree, Jr., Mark D. Jicka, Watkins & Eager, Jackson, Miss., for plaintiff.

Mitchell H. Tyner, Wm. Roberts Wilson, Jr., P.A., Jackson, Miss., Troy Henry, Henry, Walden, Davis & Halsey, Jonesboro, Ark., for defendants.

## OPINION

SENTER, Chief Judge.

This cause is before the court on defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(2) (lack of personal jurisdiction). Even if this court (or, ultimately, the Mississippi Supreme Court) were to disagree with the weight of reasoned authority that Mississippi's long-arm statute [1] cannot be utilized by a nonresident plaintiff, or that plaintiff cannot take advantage of a provision of Mississippi's former foreign corporation statute,[2] which was repealed before this litigation was instituted,[3] it is convinced that exercising personal jurisdiction over these defendants does not comport with the requirements of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

1. Miss.Code Ann. § 13–3–57.

2. Miss.Code Ann. § 79–1–27.

3. The court is not so inclined, as illustrated by the Fifth Circuit's most recent pronouncement, *Herrley v. Volkswagen of America, Inc.,* 957 F.2d 216 (5th Cir.1992), and the Mississippi Supreme Court's decision in *Southern Pacific Transportation Co. v. Fox,* 609 So.2d 357 (Miss.1992).

## BACKGROUND

On July 7, 1985, Florence Wright, a resident citizen of Arkansas, was killed in an automobile accident in Dickson County, Tennessee. The administrator of her estate, also a citizen of Arkansas, filed a civil action on July 3, 1991, in the Circuit Court of Washington County, Mississippi, naming as defendants Haskins Trucking, Inc. and one of its drivers, Dean E. Kelley. They were charged with acts of common law negligence and violations of Tennessee statutory law dealing with rules of the road in connection with Florence Wright's death. Damages were requested pursuant to Tennessee law.

Haskins, a Texas corporation with its only office in Longview, Texas, and Kelley, a resident citizen of Texas, removed the case and properly preserved the right to challenge this court's power to render a valid judgment against them. In support of the motion to dismiss, Haskins submitted the affidavit of its president/owner. It recites that Haskins has never maintained an office, inventory, or telephone listing in Mississippi; has never had any employee permanently located in this state, nor owned, leased, or used real property here; does not manufacture, sell, market, or advertise any product in Mississippi; has never paid or incurred Mississippi corporate income taxes, qualified to do business in this state, or had a registered agent here.

In response, plaintiff offers evidence that during a five month period in 1985, Haskins on several occasions shipped goods to three "regular" customers in Mississippi. He argues that Haskins' contacts with this state are systematic and continuous.

Haskins counters this assertion with the explanation that the deliveries to this state were made pursuant to contracts with Louisiana and Texas firms. It is only a carrier of preloaded trailers which does not contract or communicate with, or receive payment from, the receivers.

## DISCUSSION

"[R]egardless of the method of service of process utilized, ... all exercises of jurisdiction must be measured by the terms of the due process clause of the United States Constitution." *Applewhite v. Metro Aviation, Inc.*, 875 F.2d 491, 495 (5th Cir.1989). And " 'federal courts are not bound by state court determinations of what the Constitution requires.' " *South Central Insurance Corp. v. Balboa Insurance Co.*, 747 F.Supp. 1213, 1216 (N.D.Miss.1990) (quoting *Southwest Offset, Inc. v. Hudco Publishing Co., Inc.*, 622 F.2d 149, 152 (5th Cir.1980)).

The concepts of general and specific jurisdiction are well known. *See generally Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1170 (5th Cir.1985). This court finds *Bearry v. Beech Aircraft Corp.*, 818 F.2d 370 (5th Cir.1987), most instructive in the application of those concepts to the instant case.

In *Bearry*, Louisiana residents were killed in a plane crash in Mississippi. One of the jurisdictions in which their survivors attempted to sue was Texas. Beech, which was neither registered in Texas nor a citizen thereof, moved to dismiss. Although there was proof similar to that submitted in the instant case disavowing a relationship with the forum state, there was also evidence that during a five year period "nearly $250 million of Beech manufactured products flowed to seventeen independent Texas dealers from sales carefully negotiated and completed in Kansas." *Id.* at 372. The district court ruled that personal jurisdiction existed. The Fifth Circuit reversed, observing:

> We disagree with the district court's conclusion that the "stream of commerce" will support a finding of general jurisdiction. In specific jurisdiction cases, the defendant may have, at a minimum, one contact with the forum state—the product or conduct that caused injury there. A conclusion that there is a stream of commerce ensures that the contact that caused harm in the forum occurred there through the defendant's conduct and not the plaintiff's unilateral activities; it does not ensure that defendant's relationship with the forum is continuous and systematic, such that it can be sued there for unrelated claims.

*Id.* at 375. Thus, critical to the Fifth Circuit, and persuasive with this court, is that the causes of action under review did not relate to the defendants' contacts with the forum. *Cf. Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 418, 104 S.Ct. 1868, 1874, 80 L.Ed.2d 404 (1984) ("[M]ere purchases, even if occurring at regular intervals, are not enough to warrant a State's assertion of in personam jurisdiction over a nonresident corporation in a cause of action not related to those purchase transactions"); *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 299, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980) ("[F]inancial benefits accruing to the defendant from a collateral relation to the forum State will not support jurisdiction if they do not stem from a constitutionally cognizable contact with that State"); *Applewhite v. Metro Aviation, Inc.,* 875 F.2d at 495 ("In a case such as this where plaintiff's cause of action is unrelated to the nonresident's alleged contacts with the forum state, the defendant's contacts must be substantial, continuous and systematic").[4] Defendants' contacts with Mississippi in the instant case "are better characterized as sporadic than continuous and systematic." *Asarco, Inc. v. Glenara, Ltd.,* 912 F.2d 784, 787 (5th Cir.1990).

Furthermore, it is unreasonable and would violate traditional notions of fair play and substantial justice to require defendants to be subjected to suit here. Again, the court looks to *Bearry:*

[T]his suit implicates virtually no distinct interest of Texas. As we explained, Beech has never been qualified to do business in Texas. It owns no property in Texas, and has no facilities in Texas. Beech has no office or agent in Texas. Yet, Beech is asked to defend a lawsuit there, away from a plane crash in Mississippi brought by representatives of the deceased Louisiana residents.

\* \* \* \* \* \*

The concerns that injuries might occur in the state or might somehow implicate Texas component-part manufacturers are

adequately protected. Beech is subject to the specific jurisdiction of Texas courts when its product causes injuries ... in Texas. Assertion of such broad interests do not suffice, however, to override the burdens placed upon Beech by this lawsuit.

818 F.2d at 377. *See also Dalton v. R & W Marine, Inc.,* 897 F.2d 1359, 1363 (5th Cir. 1990) ("[A]side from its role as the forum state Louisiana has no interest in this litigation"). Likewise, Mississippi does not have a special interest in providing a forum for nonresidents who suffered injuries from an occurrence in another state (and alleged violations of that state's laws).

---

4. Plaintiff's reasoning that defendants' trucking activities in Mississippi relate to the accident in

Tennessee because a truck was involved is rejected.