GULF MACHINERY SALES AND ENGINEERING CORP., Plaintiff,

v.

HEUBLEIN, INC., Defendant.

No. 8:98CV863T23TGW.

United States District Court, M.D. Florida.

May 14, 2002.

Robert Persante, Persante & McCormack, P.A., Clearwater, FL, for Gulf Machinery Sales and Engineering Corp., plaintiff.

Barbara Bolton Litten, Steel, Hector & Davis, West Palm Beach, FL, for Heublein, Inc., defendants.

### *ORDER*

MERRYDAY, District Judge.

By an order dated May 21, 1999 (Doc. 30) (to which order the parties consented), the Court stayed and administratively closed this action pending disposition of an appeal to the United States Court of Appeals for the Fifth Circuit arising from a related action pending in the United States District Court for the Southern District of Mississippi (case no. 3:97–CV–314BN) (the "Mississippi action"). The Court of Appeals for the Fifth Circuit has ruled (Doc. 34). Accordingly, the parties' motions to lift the stay and reopen this action (Docs.32, 33) are **GRANTED. The stay is lifted and the case is reopened.**

The defendant, Heublein, Inc. ("Heublein"), now renews its motion to dismiss or, alternatively, for summary judgment (Doc. 35). The plaintiff, Gulf Machinery Sales and Engineering Corp. ("Gulf Machinery"), opposes Heublein's motion and files a renewed motion to remand (Doc. 36), which Heublein opposes (Doc. 37).[1]

This action and the Mississippi action arise out of a contract dating from November, 1992, between Gulf Machinery and Heublein for the manufacture of a wine evaporator, which is a machine designed to process grapes. Because of Gulf Machinery's untimely delivery of the wine evaporator, a dispute arose concerning liquidated damages and a consequent reduction in the payment on the contract. Louis and Carolyn Johnson (not parties to this action) initiated the Mississippi action by filing a complaint in Mississippi state court on October 25, 1995, which complaint named as defendants both Gulf Machinery and Heublein (as well as other parties not relevant to this action). The Johnsons, who previously lent money to Gulf Machin-

---

**1.** Consequent upon the stay order (Doc. 30), the Clerk terminated Heublein's initial motion to dismiss or, alternatively, for summary judgment (Doc. 5) and Gulf Machinery's initial motion to remand (Doc. 6). The renewed motions now at issue (Docs.35, 36) restate the arguments advanced in the initial motions. On May 5, 1999, the Court heard oral argument on the initial motions and has reviewed the transcript of that hearing (Doc. 31) in consideration of the instant motions.

ery and claimed a security interest in the wine evaporator, sought recovery for Gulf Machinery's default on promissory notes and damages for conversion with respect to the wine evaporator. The Johnsons settled with Gulf Machinery (and other defendants) but not with Heublein. On March 6, 1997, the settling parties to the Mississippi action filed a confession of judgment and assignment of claims in the Mississippi state court, by which document Gulf Machinery assigned to the Johnsons any claims Gulf Machinery retained against Heublein arising under the November, 1992, contract for manufacture of the wine evaporator.

On April 11, 1997, the Johnsons and Gulf Machinery (and another individual whose presence is irrelevant for purposes of this action) filed a first amended complaint in Mississippi state court asserting claims under state law against Heublein (and other parties whose presence is irrelevant for purposes of this action) concerning the dispute over the delinquent delivery of the wine evaporator. Invoking diversity jurisdiction, the defendants removed the action (over the plaintiffs' objections) to the United States District Court for the Southern District of Mississippi on May 1, 1997.[2] On March 24, 1998, the Mississippi federal district court ruled that Gulf Machinery's claims against Heublein for breach of contract (both written and oral), bad faith breach of contract, unjust enrichment, and

fraud were "barred by the statute of limitations [Miss.Code Ann. §§ 15–4–29, 15–4–49] and ... dismissed as a matter of law." On April 16, 1999, the Mississippi federal district court granted summary judgment on the sole remaining claim for conversion. On the same day, the Mississippi federal district court entered a final judgment, which states that "the claims of the Plaintiffs against the Defendants are hereby dismissed with prejudice, and Final Judgment is hereby rendered in favor of the Defendants."

The plaintiffs appealed the Mississippi federal district court's denial of a motion to remand the action to the state court. The plaintiffs chose not to appeal the Mississippi federal district court's dismissal of the contract, unjust enrichment, and fraud claims pursuant to application of the Mississippi statute of limitations. As noted above, the United States Court of Appeals for the Fifth Circuit affirmed the denial of the motion to remand. *Johnson v. Heublein, Inc.*, 227 F.3d 236 (5th Cir.2000).

On October 17, 1997, Gulf Machinery filed the instant action against Heublein in Florida state court. On April 1, 1998, Gulf Machinery served Heublein with the Florida complaint.[3] Invoking diversity jurisdiction, Heublein removed the Florida action to this Court on April 22, 1998, and on April 29, 1998, Heublein filed its initial motion to dismiss or, alternatively, for

---

**2.** The removal involved some complexity because of both its timing (i.e., some nineteen months after the filing of the Johnson's initial complaint in Mississippi state court) and a dispute over the citizenship of one of the purported defendants, whom the Mississippi federal district court ultimately found to have been fraudulently joined. In any event, both the Mississippi federal district court and the United States Court of Appeals for the Fifth Circuit concluded that the Mississippi action was properly removed to federal court. *See Johnson v. Heublein, Inc.*, 227 F.3d 236 (5th

Cir.2000); *Johnson v. Heublein, Inc.*, 982 F.Supp. 438 (S.D.Miss.1997).

**3.** Instead of immediately serving Heublein with the Florida complaint, Gulf Machinery filed an ex parte motion in Florida state court seeking a seventy-five day extension to effect service, which motion asserted a "substantial possibility" that resolution of the Mississippi action would "obviate the need to litigate the issues raised" in the Florida action.

summary judgment.[4]

■ The principal issue presented by the instant motions is whether res judicata bars Gulf Machinery's Florida action. Res judicata (also known as claim preclusion) "bars the filing of claims [that] were raised or could have been raised in an earlier proceeding." *Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1501 (11th Cir.1990).

■ Courts and commentators have long disagreed about the preclusive effect of a statute-of-limitations dismissal of a federal diversity action on the subsequent identical action filed in a new forum. *See Leading Cases*, 115 Harv.L.Rev. 467 (2001). However, in *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 121 S.Ct. 1021, 149 L.Ed.2d 32 (2001), which was decided after the parties' submission of the instant motions, the Supreme Court of the United States unanimously clarifies the applicable analysis and answers in the affirmative the question "whether the claim-preclusive effect of a federal judgment dismissing a diversity action on statute-of-limitations grounds is determined by the law of the State in which the federal court sits." 531 U.S. at 499, 121 S.Ct. 1021. *Semtek* teaches that (1) "federal common law governs the claim-preclusive effect of a dismissal by a federal court sitting in diversity" and (2) the "federally prescribed rule of decision" requires application of "the law that would be applied by state courts in the State in which the federal diversity court sits." 531 U.S. at 508–09, 121 S.Ct. 1021.

*Semtek* presents a procedural scenario virtually identical to the instant action. In *Semtek*, the plaintiff filed a California state court complaint alleging inducement of breach of contract and other business torts. Following removal by the defendant based on diversity of citizenship, the United States District Court for the Central District of California dismissed the action as barred by California's statute of limitations. The California federal district court dismissed the claims "in [their] entirety on the merits and with prejudice." The plaintiff then filed an action in Maryland state court alleging the same causes of action, which were not time barred under the applicable Maryland statute of limitations. The Maryland state court dismissed the action on the ground of res judicata. The Maryland Court of Special Appeals affirmed, holding that, "regardless of whether California would have accorded claim-preclusive effect to a statute-of-limitations dismissal by one of its own courts, the dismissal by the California federal court barred the complaint filed in Maryland, since the res judicata effect of federal diversity judgments is prescribed by federal law, under which the earlier dismissal was on the merits and claim preclusive." 531 U.S. at 500, 121 S.Ct. 1021, *citing* 128 Md.App. 39, 736 A.2d 1104 (1999).

■ The Supreme Court reversed, stating that "[d]ismissal of this state cause of action was decreed by the California federal court only because the California statute of limitations so required; and there is no conceivable federal interest in giving that time bar more effect in other courts than the California courts themselves would impose." 531 U.S. at 509, 121 S.Ct. 1021. Therefore, the Supreme Court remanded the matter for determination in accordance with California law, "[b]ecause the claim-

---

4. The removal of the Florida action involves none of the complexity (e.g., timing or fraudulent joinder) presented by the removal of the Mississippi action. The removal of the Florida action was both timely and without proce-dural defect, and the requisites of diversity jurisdiction are satisfied. *See* 28 U.S.C. §§ 1332, 1441, 1446. Accordingly, Gulf Machinery's motion to remand (Doc. 36) is **DENIED.**

preclusive effect of the California federal court's dismissal 'upon the merits' of petitioner's action on statute-of-limitations grounds is governed by a federal rule that in turn incorporates California's law of claim preclusion...." 531 U.S. at 509, 121 S.Ct. 1021. Accordingly, with respect to Heublein's assertion of res judicata in this action, *Semtek* requires a determination of the preclusive effect *under Mississippi law* of the Mississippi federal district court's statute-of-limitations dismissal of the contract-related claims. *See Smolensky v. McDaniel,* 144 F.Supp.2d 611, 615 (E.D.La.2001) (*"Semtek* ... [holds] that, when a court must decide the preclusive effect of a judgment rendered by a federal court in a diversity case, the federal common law of res judicata requires the deciding court to adopt the claim-preclusive rules *of the forum state* that provided the substantive rules of decision in the first action." (Emphasis in original)).

▆ In Mississippi, "res judicata provides that when a court of competent jurisdiction enters a final judgment on the merits of an action, the parties or their privies are precluded from relitigating claims that were decided or could have been raised in that action." *Reid v. American Premier Ins. Co.,* 814 So.2d 141, 145 (Miss.2002). Here, the parties disagree principally about whether the Mississippi federal district court's dismissal constitutes a final judgment "on the merits."[5]

Rule 41(b), Mississippi Rules of Civil Procedure, provides in pertinent part:

Involuntary Dismissal: effect thereof ... Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

Miss.R.Civ.P. 41(b).[6] As noted above, the Mississippi federal district court's March 24, 1998, order states that Gulf Machinery's contract-related claims against Heublein are "barred by the statute of limitations and ... dismissed as a matter of law." The Mississippi federal district court's April 16, 1999, final judgment states that "the claims of the Plaintiffs against the Defendants are hereby dismissed with prejudice, and Final Judgment is hereby rendered in favor of the Defendants."

The plain language of Rule 41(b), Mississippi Rules of Civil Procedure, seemingly confirms that the Mississippi federal district court's dismissal of Gulf Machinery's claims operates as an adjudication upon the merits. *See Taylor v. GMC,* 717 So.2d 747, 748 (Miss.1998) ("Unless otherwise specifically ordered by the court, an involuntary dismissal under Rule 41(b) ordinarily operates as an adjudication upon the merits and is with prejudice."). However, Mississippi recognizes exceptions to Rule 41(b)'s plain language in certain circumstances. *See* Comment, Miss.R.Civ.P. 41 (2001) ("Mississippi practice has tempered this harsh result by allowing dismissed

5. Heublein persuasively argues (and Gulf Machinery does not seriously contend otherwise) that the decision of the Mississippi federal district court in the Mississippi action was rendered by a court of competent jurisdiction; that the pertinent parties to this action and the Mississippi action are identical; and that the subject matter, underlying facts and circumstances, claims asserted, and relief sought

are sufficiently similar to satisfy Mississippi's "four identities" test for res judicata. *See Reid,* 814 So.2d at 145.

6. The relevant part of Rule 41(b), Mississippi Rules of Civil Procedure, mirrors the language of Rule 41(b), Federal Rules of Civil Procedure.

cases to be reinstated, except in extreme situations.").[7] In particular, Mississippi recognizes an exception to Rule 41(b)'s "adjudication upon the merits" provision in circumstances of a dismissal for expiration of a statute of limitations. *Lee v. Swain Bldg. Materials Co. of New Orleans,* 529 So.2d 188, 190–91 (Miss.1988). *Lee* holds that although "a dismissal 'operates as' an adjudication upon the merits as to refiling the same cause of action in other trial courts in the same state ... [s]uch a dismissal is not in fact an adjudication upon the merits ... deserving full faith and credit from sister states." 529 So.2d at 190. *Lee* applies the exception even when the dismissal is "with prejudice." 529 So.2d at 191 ("The mere fact the judgment recited 'with prejudice' does not control."). *See also Washington v. Allstate Ins. Co.,* 1992 WL 111246, at *1 n. 1 (E.D.La. May 8, 1992) (recognizing *Lee's* interpretation of Mississippi law); *Cummings v. Cowan,* 390 F.Supp. 1251, 1255 (N.D.Miss.1975) ("[I]t is plain that the Supreme Court of Mississippi would follow its usual practice of regarding Tennessee's one-year statute as procedural only, and would apply the six-year limitation of the forum state ... That dismissal in no way implicated the merits of plaintiffs' claims, but was ground solely on the bar presented by the Tennessee statute of limitations."); *Patton v. Mack Trucks, Inc.,* 556 So.2d 679, 680 (Miss.1989) ("Because the dismissal in Pennsylvania was by reason of the statute of limitations and not an adjudication on the merits, the Pennsylvania final judgment has no claim preclusive effect in Mississippi.").

Mississippi law does not regard a "dismissal with prejudice" for failure to comply with Mississippi's statute of limitations as a final judgment on the merits for purposes of res judicata. Therefore, pursuant to *Semtek,* Gulf Machinery may proceed with this action. Accordingly:

(1) Gulf Machinery's motion to reopen (Doc. 32) is **GRANTED;**

(2) Heublein's motion to reopen (Doc. 33) is **GRANTED;**

(3) Heublein's renewed motion to dismiss or, alternatively, for summary judgment (Doc. 35) is **DENIED;**

(4) Gulf Machinery's motion to remand (Doc. 36) is **DENIED.**

The parties are directed to file an amended case management report within **thirty days** of the date of this order.

---

7. Of course, the Supreme Court of the United States recognizes exceptions to the "upon the merits" language in Rule 41(b), Federal Rules of Civil Procedure. *See Semtek,* 531 U.S. at 503, 121 S.Ct. 1021 ("In short, it is no longer true that a judgment 'on the merits' is necessarily a judgment entitled to claim-preclusive effect; and there are a number of reasons for believing that the phrase 'adjudication upon the merits' does not bear that meaning in Rule 41(b)."); *Costello v. United States,* 365 U.S. 265, 285, 81 S.Ct. 534, 5 L.Ed.2d 551 (1961) (adopting a broad interpretation of the "jurisdiction" exception contemplated by Rule 41(b)).