# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2020-CA-00868-SCT

*MARLON HOWELL a/k/a MARLON LATODD*
*HOWELL a/k/a MARLON COX*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 07/02/2020 |
| TRIAL JUDGE: | HON. ANDREW K. HOWORTH |
| TRIAL COURT ATTORNEYS: | C. JACKSON WILLIAMS |
| | JULIE HOWELL ADDISON |
| COURT FROM WHICH APPEALED: | UNION COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | C. JACKSON WILLIAMS |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: LADONNA C. HOLLAND |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION |
| DISPOSITION: | AFFIRMED - 01/26/2023 |
| MOTION FOR REHEARING FILED: | |

**EN BANC.**

**COLEMAN, JUSTICE, FOR THE COURT:**

¶1. A Union County grand jury indicted Marlon Howell for the sale of a controlled substance under Mississippi Code Section 41-29-139(a) (Rev. 1993) on January 28, 1998. The indictment charged Howell with one count of the sale of 6.8 grams of marijuana, a Schedule 1 controlled substance. Miss. Code Ann. § 49-29-113(a)(12) (Rev. 1993). At the time of Howell's charging, Section 41-29-139(b)(3) provided for a penalty of three years' imprisonment and/or a fine up to $3,000 for the sale of one ounce or less of marijuana. Miss

Code Ann. § 41-29-139(b) (Rev. 1993).[1]

¶2.     On March 3, 1999, the State and Howell agreed to reduce Howell's felony charge from the sale of a controlled substance to possession of a controlled substance. The parties presented an agreed order reducing Howell's felony charge to possession. On the same day, Howell pled guilty to the reduced felony charge of possession of a controlled substance. Circuit Judge Henry Lackey then sentenced Howell to three years in custody of the Mississippi Department of Corrections with one year of house arrest and the remaining two years of post-release supervision in addition to $200 in restitution.

¶3.     In 2016, Howell, alleging the sentence was illegal, moved to vacate the sentence for felony possession. The trial court treated Howell's motion as a post-conviction relief petition and found that Howell lacked standing under Mississippi's post-conviction relief statutes because Howell had already completed his sentence for drug possession. Howell then appealed. The Mississippi Supreme Court reversed and remanded, finding that "[o]n the narrow question presented, interpreting Mississippi Code Section 99-39-5(1), we hold that Howell has standing." *Howell v. State*, 283 So. 3d 1100, 1101 (¶ 1) (Miss. 2019). The Court did not address the merits of Howell's post-conviction relief claim. *Id.* at 1103.

¶4.     On remand, the trial court found that Howell's post-conviction relief petition was time-barred. The court also found that the original sentence was not illegal and that Howell

---

[1] Section 41-29-139 was later amended. *See* Miss. Code Ann. § 41-29-139 (Rev. 2018).

2

had benefitted from a more lenient sentence for the crime with which he was originally charged. Howell appeals the trial court's denial of his motion for post-conviction relief. We affirm.

## STANDARD OF REVIEW

¶5.   "This Court's applicable standard of review when considering the denial of a petition for post-conviction collateral relief is well settled; this Court will not disturb the factual findings of a trial court in denying the petition unless such findings are clearly erroneous." ***Rowland v State (Rowland I),*** 42 So. 3d 503, 506 (¶ 8) (Miss. 2010) (citing ***Moore v. State***, 986 So. 2d 928, 932 (¶ 13) (Miss. 2008)).  "However, where questions of law are raised the applicable standard of review is de novo." ***Id.***  (internal quotation marks omitted) (quoting ***Moore***, 986 So. 2d at 932 (¶ 13)).

## DISCUSSION

### I.      Did the trial court properly dismiss Howell's post-conviction relief claim as time-barred?

¶6.   The Mississippi Uniform Post-Conviction Collateral Relief Act required Howell to request post-conviction relief within three years of the conviction he seeks to attack.  Miss. Code. Ann. § 99-39-5(2) (Rev. 2020).  Because Howell's plea was entered on March 3, 1999, his window to seek post-conviction relief closed on March 2, 2002.  Instead, Howell filed his motion on March 26, 2016, fourteen years after the deadline.

¶7.   To fight the statute of limitations, Howell contends his post-conviction relief petition challenges an illegal sentence.  "[E]rrors affecting fundamental constitutional rights, such

3

as an illegal sentence, are excepted from procedural bars which otherwise would prevent their consideration." ***Jones v. State***, 119 So. 3d 323, 326 (¶ 6) (Miss. 2013) (citing ***Rowland I***, 42 So. 3d at 507 (¶ 7)). ***Rowland I*** is often considered to be the seminal case in which the Court began applying the fundamental-rights exception to the bars enacted by the Legislature. The ***Rowland I*** holding was clarified and narrowed in ***Rowland v. State (Rowland, II)*** 98 So. 3d 1032 (Miss. 2012), *overruled on other grounds* by ***Carson v. State***, 212 So. 3d 22 (Miss. 2016) There, the Court wrote, "In addition to the statutory exceptions afforded by the Act, we have provided that an exception to the procedural bars exists for errors affecting certain constitutional rights." ***Id.*** at 1036 (¶ 6).

¶8.     The Court never has properly addressed the effect of the codification of various bars to post-conviction relief, such as the three-year statute of limitations, on the fundamental-rights exception to the procedural bars. Because the Legislature only can enact substantive law and may not enact procedural law in the form of bars to relief or any other, today we overrule ***Rowland I***, 42 So. 3d 503, ***Rowland II***, 98 So. 3d 1032, and any other case in which the Mississippi Supreme Court has held that the courts of Mississippi can apply the judicially crafted fundamental-rights exception to constitutional, substantive enactments of the Legislature such as the three-year statute of limitations applicable to petitions for post-conviction relief.

¶9.     The statute of limitations engrafted into the Post-Conviction Collateral Relief Act is no procedural rule. In point of law and fact, it cannot be. The Legislature has no

4

Constitutional authority to enact rules of procedure, *Newell v. State*, 308 So. 2d 71, 78 (Miss. 1975), but it does have authority "to fix reasonable periods within which an action shall be brought and, within its sound discretion, determine the limitation period [in post-conviction relief cases]." *Cole v. State*, 608 So. 2d 1313, 1318 (Miss. 1992). The *Cole* Court went on to quote the Iowa Supreme Court, which had written, "Legislatures may pass laws regulating, within reasonable limits, the mode in which rights secured to the subject by bills of right and constitutions shall be enjoyed, and if the subject neglects to comply with these regulations *he thereby waives this* [sic] *constitutional privileges.*" *Id.* at 1319 (emphasis added) (quoting *Davis v. State*, 443 N.W.2d 707, 709 (Iowa 1989)). "It is a well-settled principle that a state may attach reasonable time limitations to the assertion of federal constitutional rights." *Cole*, 608 So. 2d at 1319 (citing *United States ex rel Dopkowski v. Randolph*, 262 F.2d 10, 12 (7th Cir. 1958), *cert. denied*, 359 U.S. 1004, 79 S. Ct. 1143, 3 L. Ed. 2d 1032 (1959)).

¶10. The statute of limitations is a substantive, legislatively enacted law and not procedural, and our judicial pronouncements regarding how we would apply judicial procedure in the face of claims of fundamental rights should hold no weight. *Little v. Miss. Dep't of Transp.*, 129 So. 3d 132, 138 (¶ 12) (Miss. 2013) ("We—the judicial branch of government—should not place ourselves in the position of changing the substantive law enacted by the Legislature . . . ." (citing *Stockstill v. State*, 854 So. 2d 1017, 1022-23 (¶ 13) (Miss. 2003))). Courts have a "constitutional mandate to faithfully apply the provisions of

constitutionally enacted legislation." ***Tallahatchie Gen. Hosp. v. Howe***, 49 So. 3d 86, 92 (¶ 17) (Miss. 2010) (internal quotation marks omitted) (quoting ***Univ. of Miss. Med. Ctr. v. Easterling***, 928 So. 2d 815, 820 (¶ 23) (Miss. 2006)).   Although the Uniform Post-Conviction Collateral Relief Act is civil in nature, it is instructive that in ***Harris v. State***, 179 Miss. 38, 175 So. 342, 344 (1937) (citing ***State v. Traylor***, 100 Miss. 544, 56 So. 521 (1911)) the Court wrote, "[w]e are admonished and have clearly in mind that penal statutes must be strictly construed, and that the court can neither add to nor take from them, and we cannot by judicial construction, or considerations of expediency, supply what is palpably omitted from a statute."

¶11.   In his dissent, Presiding Justice Kitchens insists the statute of limitations is procedural.  If he is to take such a position seriously, however, and if he is to take ***Newell*** seriously, then the inescapable conclusion is that all statutes of limitation found in our codebook are unconstitutional.  ***Newell***, 308 So. 2d at 77 ("[I]t would seem there is no more reason to support legislative control of court procedures than there would be to uphold court supervision of the procedures by which the legislative and executive departments discharge their constitutional duties.")  Such a result would foist upon the courts the duty of setting all statutes of limitations, a duty undertaken without controversy by the Legislature pursuant to its constitutional authority to enact statutes from time out of mind.  Presiding Justice Kitchens must also stand willing to overrule our earlier cases in which we held statutes of limitations enacted by the Legislature to be constitutional.  *See, e.g.,* ***Barnes v. Singing***

*River Hosp. Sys.*, 733 So. 2d 199, 203 (¶ 11) (Miss. 1999); *Townsend v. Est. of Gilbert*, 616 So. 2d 333, 337 (Miss. 1993); *Cole*, 608 So. 2d at 1319; *Hamner v. Yazoo Delta Lumber Co.*, 100 Miss. 349, 56 So. 466, 475 (Miss. 1911) (holding that the Legislature has the constitutional authority to provide a short statute of limitations for perfecting titles).

¶12.     Because the Supreme Court of Mississippi cannot lawfully amend or ignore constitutionally sound law enacted by the Legislature, we overrule *Rowland I*, *Rowland II*, and any other case in which, and to the extent that, we have held that the fundamental-rights exception can apply to the substantive, constitutional bars codified by the Legislature in the Uniform Post-Conviction Collateral Relief Act.  We acknowledge that other arguments may be used to attack the constitutionality of the statutory bars, either as applied to particular cases or on their face, and we have no intent to address their validity one way or the other here.  We further recognize that, in specific cases, other arguments or doctrines, e.g., equitable tolling, might be available to afford relief from the statute of limitations.

**II.      The trial court correctly found that Howell's petition lacks merit.**

¶13.     Because we announce the partial overruling of *Rowland*, as described above, for the first time, we also address the merits of the petition and hold that the trial court correctly denied relief to Howell on the merits.  After the grand jury indicted Howell for felony sale of marijuana, Howell pled guilty to the lesser charge of felony possession.  The crime for which he pled guilty carried a possible sentence of three years' incarceration, and the trial court sentenced him to less—one year of house arrest and two years of post-release

7

supervision. Because the sentence fell well within the statutory parameters, it is not an illegal sentence. *Grayer v. State*, 120 So. 3d 964, 969 (¶ 16) (Miss. 2013) (citing *Foreman v. State*, 51 So. 3d 957, 962 (¶ 12) n.22 (Miss. 2011)).

¶14.   **AFFIRMED.**

   **RANDOLPH, C.J., MAXWELL, BEAM, CHAMBERLIN AND GRIFFIS, JJ., CONCUR. KITCHENS, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY KING, P.J., AND ISHEE, J.**

   **KITCHENS, PRESIDING JUSTICE, DISSENTING:**

¶15.   Respectfully, I dissent. Mississippians, like all Americans, assume that our judicial system has accessible and defined mechanisms for the correction of failures of our adversarial process. We trust that those who become entangled in fundamental injustices cannot be barred from petitioning the courts for redress, no matter how much time has passed. This Court has the plenary constitutional authority over judicial procedure and to reject legislation that treads on that authority. Our application of the fundamental rights exception to the procedural bar of the Mississippi Uniform Post Conviction Collateral Relief Act (UPCCRA) is squarely within our prerogative and is necessary to cure the "constitutional impingement, impairing justice" that is manifest in the absence of such exception in the statute. *Newell v. State*, 308 So. 2d 71, 78 (Miss. 1975).

¶16.   In the first *Rowland v. State*, we decided unanimously: "[w]e take this opportunity to hold, unequivocally, that errors affecting fundamental constitutional rights are excepted from the *procedural bars* of the UPCCRA." *Rowland v. State (Rowland I)*, 42 So. 3d 503, 506

(Miss. 2010) (emphasis added). Thirty years after the defendant had pled guilty to the underlying crime, we reversed and remanded for an evidentiary hearing on the question of whether Rowland had been placed in double jeopardy, recognizing that "[t]he comparison of a seven year sentence, as opposed to a life sentence, without probation or parole[,] is too significant a deprivation of liberty to be subjected to a *procedural bar*." ***Id.*** (emphasis added) (quoting ***Smith v. State***, 477 So. 2d 191, 195 (Miss. 1985)).

¶17.    Our holding was neither innovative nor extreme. Rather, we followed existing precedent on fundamental rights claims stemming from the Mississippi Constitution's provision that "no person can be deprived of his liberty except by due process of law." ***Id.*** (quoting ***Brooks v. State***, 209 Miss. 150, 46 So. 2d 94 (1950)). At the time we decided ***Rowland***, our precedent made clear that an individual's entitlement to be free from fundamental rights violations meant that it was "evident that no discretion is afforded when deciding whether to except a claim involving a fundamental constitutional right from procedural bars." ***Rowland***, 42 So. 3d at 507.

¶18.    When the case returned to us a second time, we held that Rowland's fundamental right to be free from double jeopardy had been violated. ***Rowland v. State (Rowland II)***, 98 So. 3d 1032 (Miss. 2012), *overruled on other grounds* by ***Carson v. State***, 212 So. 3d 22 (Miss. 2016). We articulated further why certain rights are properly excepted from the UPCCRA's three-year bar:

> Like a double-jeopardy claim, a claim of illegal sentence or denial of due
> process in sentencing also must be considered regardless of when it is raised,

> because the State is without authority or right to impose a sentence illegally or without due process. The deprivation of liberty–that unalienable, natural right inherent in all persons since time immemorial–without authority of law distinguishes these three excepted errors from all other post-conviction claims.

*Id.*, at 1036 (footnote omitted). As the Court made abundantly clear in ***Rowland II***, the fundamental rights exception is narrow and does not exempt all claims of constitutional violations from the three-year procedural bar. *Id.* Rather, the exception applies to rights we hold so fundamental to our societal ideals that they cannot be waived by failure to pursue them in a timely fashion.

¶19.    The majority justifies its abolition of the fundamental rights exception by holding that the UPCCRA's three-year limitations period is substantive and not procedural. Until today, this Court has consistently, correctly, and without controversy characterized the UPCCRA's three-year limitations period as *procedural*. "Mississippi has always considered statutes of limitation procedural[.]" ***Williams v. Taylor Mach., Inc.***, 529 So. 2d 606, 609 (Miss. 1988), *superseded by statute on other grounds as stated in **S. Pac. Transp. Co. v. Fox***, 609 So. 2d 357, 362 (Miss. 1992). The United States Supreme Court has noted that "[t]he historical record shows conclusively, we think, that the society which adopted the Constitution did not regard statutes of limitations as substantive provisions, akin to the rules governing the validity and effect of contracts, but rather as procedural restrictions fashioned by each jurisdiction for its own courts." ***Sun Oil Co. v. Wortman***, 486 U.S. 717, 726, 108 S. Ct. 2117, 100 L. Ed. 2d 743 (1988). A limitations period may be categorized properly as substantive "where a statute creates a right of action which previously did not exist and the

10

same statute fixes the time to commence the action . . . ." ***Williams***, 529 So. 2d at 609. In that circumstance, "the time so fixed is not a statute of limitations but an integral part of the right created." ***Id.*** (citing ***White v. Malone Props., Inc.***, 494 So. 2d 576, 578 (Miss. 1986)).

¶20.    The UPCCRA did not create substantive rights that did not exist previously. To the contrary, the Legislature stated explicitly that the purpose for enacting the UPCCRA was to codify the well-established common law habeas corpus writs and to establish a uniform "procedure" for exercising the extant right to seek post-conviction relief. Miss. Code Ann. § 99-39-3(2) (Rev. 2020). "[T]he Post-Conviction Relief Act is not a new concept in Mississippi jurisprudence; it merely codifies existing constraints on review traditionally practiced by this Court." ***Irving v. State***, 498 So. 2d 305, 308 (Miss. 1986). With considerable frequency we have referenced the "procedural rules" of the UPCCRA. ***Knox v. State***, 75 So. 3d 1030, 1035 (Miss. 2011).  Therefore, both the Legislature and this Court have been in agreement with respect to the UPCCRA's procedural nature.

¶21.    The UPCCRA contains judicial procedure and thus is subject only to our acceptance through the principle of comity as outlined in ***Newell v. State***, 308 So. 2d 71 (Miss. 1975). The Mississippi Constitution "leaves no room for a division of authority between the judiciary and the legislature as to the power to promulgate rules necessary to accomplish the judiciary's constitutional purpose." ***Id.*** at 77. Under this plenary principle, this Court has standing authority to create its own rules (and exceptions to the rules) for post-conviction relief. However, "as long as rules of judicial procedure enacted by the legislature coincide

11

with fair and efficient administration of justice, the Court will consider them in a cooperative spirit to further the state's best interest." *Id.* at 78; *see also* **Grubb v. State**, 584 So. 2d 786, 788 (Miss. 1991). This Court does accept and apply the three-year bar to many claims of constitutional violations. Many constitutional rights can be waived and are viewed by this Court as time-barred.

¶22.    But in *Newell*, we rejected a statute that prohibited judges from giving jury instructions except those requested by the parties because that law "evidenced a constitutional impingement, impairing justice[.]" *Newell*, 308 So. 2d at 78. Similarly, the absence in the UPCCRA of a mechanism for seeking out-of-time redress for a violation of a fundamental right is a constitutional impingement, triggering our "duty to correct it." *Id.*[2] Our duty to protect people from violations of fundamental constitutional rights is so profound and essential to our core purpose as a branch of government that we are without discretion to refuse to permit meritorious claims no matter when they are brought. We exercised that duty by our recognition and application of the fundamental rights exception.

¶23.    I do not follow the majority's logic that the three-year bar must be substantive because "the Legislature only can enact substantive law[.]" Maj. Op. ¶ 8. If the mere circumstance that a law has been enacted makes it incontrovertibly substantive in nature, then this Court's

---

[2]This Court cites *Newell* frequently and several times has used it to reject legislatively enacted procedure. *See* **Hall v. State**, 539 So. 2d 1338 (Miss. 1989) (rejecting statute that declared certain hearsay statements of minor victims to be admissible against alleged sex offenders at trial); **Jones v. Ridgeland**, 48 So. 3d 530 (Miss. 2010) (rejecting statute that permitted counties without municipal or justice courts to appeal to this Court).

12

constitutional prerogative to govern procedure is in jeopardy. "[N]o citation of authority is needed for the universally accepted principle that if there be a clash between the edicts of the constitution and the legislative enactment, the latter must yield." *Newell*, 308 So. 2d at 77.

¶24.    Today's holding that the Legislature is capable of enacting nothing but substantive laws can impact many areas of state law. This Court has held consistently that statutes that are procedural and ameliorative do not violate *ex post facto* prohibitions. *Johnston v. State*, 618 So. 2d 90, 95 (Miss. 1993). In *Christmas v. State*, this Court determined that the retroactive application of a criminal statute of limitations did not violate *ex post facto* provisions. *Christmas v. State*, 700 So. 2d 262, 266-67 (Miss. 1997). The Court applied traditional conflict-of-law considerations to determine that the criminal statute of limitations was procedural and, as such, did not run afoul of *ex post facto* prohibitions. *Id.* If all statutes passed by the legislature are deemed substantive, then all statutes will violate *ex post facto* prohibitions if applied to crimes committed before their enactment. And, in the civil context, this Court has recognized that certain laws regarding child support do not impact substantive rights but merely provide procedures for enforcing child support and may therefore be applied retroactively. *Dep't of Hum. Servs. v. Shelnut*, 772 So. 2d 1041, 1051 (Miss. 2000). Additionally, it is unclear what impact today's holding has on statutes that the Legislature itself declares are procedural, such as the Administrative Procedures Law, Mississippi Code Section 25-43-1.101-4.109 (Rev. 2018).

¶25.    *Rowland I* and *II* and their progeny were decided correctly and should remain extant

on their merits. But the fundamental rights exception should be upheld on the additional ground of *stare decisis*. This Court's longstanding characterization of the UPCCRA's three-year limitations period as a "procedural bar" permeates our extensive case law on this topic and should be treated as a well-settled point of law. We unanimously pronounced our holding in **Rowland** to be "unequivocal." **Rowland**, 42 So. 3d at 506. We held forth our decision as a seminal holding that would resolve our "less than consistent" "jurisprudence in this area." *Id.* Litigants and the legal profession, including the Mississippi Office of Capital Post-Conviction Counsel, have for years trusted and followed this standard as this Court's definitive ruling on how to navigate the UPCCRA's procedures for seeking redress. Today's abrupt abandonment of a functioning and well-founded seminal standard leaves litigants and attorneys with no clear guidance for on what grounds and by what mechanism a legitimate claim for out-of-time post conviction relief can be pursued in Mississippi courts.

¶26.   The majority opinion briefly and vaguely leaves open the possibility that out-of-time consideration may still be proper; but the majority does not clearly identify the scope, standards, or mechanisms for identifying and pursuing such claims. Elimination of the fundamental rights exception will only serve to sow confusion in the state of the law and confusion on the process required for seeking legitimate redress. With today's decision, this Court has moved from asserting that fundamental rights claims implicate "too significant a deprivation of liberty to be subject to a procedural bar" to pronouncing that such deprivations of liberty actually are not our problem after all. **Rowland**, 42 So. 3d at 507 (quoting **Smith**,

14

477 So. 2d at 195). This Court lept from its noble proclamation that it is "evident that no discretion is afforded when deciding whether to except a claim involving a fundamental constitutional right from procedural bars" to the dismal spectacle of courthouse doors that have been nailed shut. *Rowland*, 42 So. 3d at 507.

¶27.    Avenues for post-conviction relief already are narrow and hard to navigate. It may be bureaucratically convenient to close the door on the volume of out-of-time fundamental rights claims we must evaluate for a substantial showing of merit; but to do so is an abdication of our purpose as the state's court of last resort. This Court is in possession of the well-established and plenary constitutional authority and responsibility of overriding the legislative enactment of a procedural bar when necessary to facilitate access to fundamental constitutional rights. The majority's abrupt recategorization of the UPCCRA's limitations bar as substantive is a harsh and unjustified departure from our precedent, creates uncertainty in the state of the law for practitioners advocating for legitimate out-of-time relief, and further erodes the profession's trust in this Court through the abandonment of *stare decisis*. I therefore dissent.

        **KING, P.J., AND ISHEE, J., JOIN THIS OPINION.**